## ELISHA FOSTER *v.* THE STAFFORD NATIONAL BANK.

[In Chancery.]

*Damages under Injunction Bond.*

The damages provided for in an injunction bond are real; and mere nominal damages are not allowable.

ASSESSMENT of damages on an injunction bond. Heard on the motion for assessment, February Term, 1886, Ross, Chancellor. Decree that the motion be overruled and the orator recover his costs.

It appeared from the master's report that the original case is reported in 57 Vt. Rep. 128; that the orator rebuilt a dam at the outlet of Willoughby lake and put in gates, for the purpose of regulating the flow of the water from the lake; that defendant owns about 2,500 acres of land in Westmore, but none of it touches the lake except about two acres at the outlet, and extending down the Willoughby river, the outlet of the lake, some twenty to forty rods on both sides of the river; that defendant caused notice to be served on the orator that it should remove said dam and gates, and allow the water to flow in its natural channel; that orator commenced this suit and obtained a preliminary injunction on April 18, 1883, which continued in force until November, 1884; that some four miles down the river at Evansville

there were three water-powers, used for manufacturing
lumber, and about two miles below these were two other
mills. The master found: " None of the defendant's lands,
not even the two acres at the outlet, were damaged by the
maintenance by the orator of the dam and gates at the out-
let." * * * " The defendant insisted before the master
that as injunction damages it was entitled to recover what
the rental value of the control of the water at the outlet
was for the seasons of 1883 and 1884. The orator insisted
to the contrary and objected to any evidence tending to
show such rental value. The master admitted it." * * *
" If the defendant is entitled to recover such rental value
as damages, from all the evidence, which varied widely, I
find the rental value of the control of the water of the lake
for said seasons by means of the gates, etc., was $175."
* * * " The dam would save, until a dry time, some three
feet of water on the entire lake, and then the same could be
let out to supply water to the mills on the stream." The
lake is about six miles long and two miles wide.

*Ide & Stafford*, for the defendant.

The court held that the orator's possession of the gates
was unlawful. *Foster* v. *Bank,* 57 Vt. 128. Under the in-
junction he exercised exclusive and arbitrary control. It is
unquestioned that defendant is entitled to nominal dam-
ages. For the violation of every right there is a remedy.
Trespass is sustainable for an unauthorized entry on land,
although no actual, specific damage is shown. 1 Sedg. Dam.
267; *Dudley* v. *McKenzie,* 54 Vt. 685; 16 Pick. 241; 1 Gray,
186. The measure of damages should be determined by the
fair rental value of the property. 2 Sedg. Dam. 208; *Center*
v. *Hoag,* 52 Vt. 401; *Chicago* v. *Huenerbin,* 85 Ill. 594; s. c.
28 Am. Rep. 626; *New Orleans* v. *Gaines,* 15 Wall. 632. The
defendant's property had a rental value in the market, and
of that value it has been deprived. The defendant is en-
titled to recover the $175 found by the master. *Masterton*

v. *Major*, 7 Hill, 61; *Bagley* v. *Smith*, 10 N. Y. 489; *Taylor* v. *Bradley*, 39 N. Y. 129; *Schell* v. *Plumb*, 55 N. Y. 592; *Dennis* v. *Maxfield*, 10 Allen, 138; *Simpson* v. *R. R. Co.* 1 Q. B. 274; *Wakeman* v. *Wheeler & W. Mfg. Co.* 2 Cent. Reporter, 130; *Morrison* v. *Darling*, 47 Vt. 67.

*Edwards, Dickerman & Young* and *O. H. Austin,* for the orator.

The defendant had no right to exercise any control over the natural flow of the water from the lake, and consequently had nothing that it could rent. The decision of this case—57 Vt. 128—does not determine anything in reference to the defendant's rights to control the flow of water. COLLAMER, J., in *Davis* v. *Fuller*, 12 Vt. 178; *Johns* v. *Stevens*, 3 Vt. 308; *Parker* v. *Griswold*, 17 Conn. 288; *Buddington* v. *Bradley*, 10 Conn. 213; *Rood* v. *Johnson*, 26 Vt. 64; 3 Kent. Com. 439. There was no damage; for if it had not been enjoined, it would have demolished the gates, so there could be no possible rental. *Adams* v. *Barney*; 25 Vt. 225; REDFIELD, J., in *Collins* v. *Smith*, 16 Vt. 9; *Webb* v. *Webb*, 16 Vt. 639.

The opinion of the court was delivered by

ROYCE, Ch. J. The matters presented for our consideration arise upon the report of the special master appointed to assess the damages on an injunction bond.

The dam and gates that the defendants were enjoined from removing upon the occasion of the execution of the bond were erected under a claim of right many years before the defendants acquired their title to the land upon which they were erected. In the spring of 1883 the defendants obtained their title and caused a notice to be served on the orator that they should remove said dam and gates and allow the water to flow in its natural channel; and thereupon the orator procured an injunction to prevent the defendants from removing them.

It is not found that any attempt was made to procure a modification or dissolution of said injunction; but at the October Term of Supreme Court, 1884, the cause was heard upon demurrer to the bill and remanded with mandate that it be dismissed with costs; and the defendants then caused said gates to be removed.

It is found that the maintenance of said dam and gates was neither a benefit nor detriment to the defendants, and the right to maintain them was only valuable to the mill owners on the stream below where they were situate. The only actual damage claimed by the defendants is the rental value of the right to maintain said dam and gates during the continuance of the injunction.

It is evident from the notice given by the defendants and the fact that they removed the gates as soon as their right to do so had been determined, that they had no intention of maintaining said dam and gates, but rather to remove them and allow the water to flow in its natural channel.

Their ability to make the right valuable was wholly problematical or conjectural. The riparian owners on the stream had the undoubted right to have it flow unobstructed in its natural channel. Hence, before the defendants could obstruct or regulate its flow, and thus make the right valuable, it would become necessary to obtain the consent and coöperation of such owners.

The right had no appreciable rental value during the continuance of the injunction, and no damages are recoverable for being deprived of the right to use it during that time.

The defendants not having sustained any actual damage, are they entitled to nominal damages? Conceding that the orator was liable on account of his keeping up the dam and gates after the defendants obtained their title, the damage was merely nominal; and the bond in a court of equity should not be construed as security for such damages. The damages provided for in the condition of the bond are such

as are real and substantial. It would be inequitable, considering what the nature of the controversy between the parties was, to treat what is found to have been done by the orator as such a breach of the condition, and by so doing compel him to pay the costs of this litigation.

The decree of the Court of Chancery is affirmed and cause remanded.